# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 1647 | **DATE** | 3/11/13 |
| **CASE TITLE** | Andrew Erickson (M-25008) vs. Kendall County Sheriff's Department, et al. | | |

## DOCKET ENTRY TEXT

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted.  The Court authorizes and orders Danville Correctional Center officials to deduct $40.24 from Plaintiff's account, and to continue making monthly deductions in accordance with this order.  The Clerk shall send a copy of this order to the trust fund officer at Danville Correctional Center. The Clerk shall also: (1) dismiss Kendall County Sheriff's Department and Correctional Healthcare Companies as Defendants in this matter, (2) issue summonses for service of the complaint on the remaining named Defendants- Nurse Monroe and Nurse Falls, (3) attach a Magistrate Judge Consent Form to the summonses for Defendants, and (4) send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.  The United States Marshals Service is appointed to serve the remaining named Defendants.

■[For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff, Andrew Erickson, a prisoner at Danville Correctional Center, brings this *pro se* civil rights pursuant to 42 U.S.C. § 1983.

Plaintiff having shown that he is indigent, his motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $40.24.  The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court.  After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account.  Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid.  All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number.  This payment obligation will follow Plaintiff in the event of this transfer to any other correctional facility.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt review of the complaint.

Plaintiff alleges that on March 14, 2011, while a pretrial detainee at Kendall County Jail, he noticed an unusual rash on his arms.  Plaintiff was given medication for his arms and placed on list to see a doctor.  Plaintiff was seen y Doctor Cullinan on March 20, 2011.  Doctor Cullinan told Plaintiff he was going to prescribe a medicated creme for the rash.  Two days later, when Plaintiff asked Nurse Monroe about his medicated creme, she would only give Plaintiff a cup of lard to place on the rash.  Plaintiff used the lard for several days but the rash worsened and spread on his body.  Plaintiff was seen by Nurse Monroe on April 7, 2011.   Plaintiff asked to see a doctor and that a different medication be provided because the lard was making matters worse.  Nurse Monroe refused to allow Plaintiff to see a doctor and refused to provide any other type of medication.  After suffering for several weeks with the rash, it eventually subsided.  Plaintiff alleges that Nurse Monroe was deliberately indifferent to his serious medical needs.

Plaintiff also alleges that he was denied proper medical care in October 2011.  Plaintiff alleges that on October 20, 2011, he began passing out and fainting.  Plaintiff asked a deputy to see a doctor and he told Plaintiff to complete a medical request slip.  The deputy failed to get medical help for Plaintiff even though he was aware that Plaintiff had

fainted three times that day. The next day, Plaintiff flagged down a nurse fro help who was passing out medications. Nurse Falls refused to treat Plaintiff and would not allow him to see a doctor.

Plaintiff names Kendall County Sheriff's Department, Correctional Healthcare Companies, Nurse Monroe, Nurse Falls, and unknown Kendall County Jail employees as Defendants. Kendall County Sheriff's Department is not a suable entity. *See Castillo v. Cook County Dep't Mail Room*, 990 F.2d 304 (7th Cir. 1993). In addition, Plaintiff does not state a claim against Correctional Healthcare Companies. In analyzing a Section 1983 claim against a private corporation, the court uses the same principles that would be applied in examining claims against a municipality. *Brown v. Ghosh*, No. 09 C 2542, 2010 WL 3893939, *8 (N.D. Ill. Sep. 28, 2010) (Feinerman, J.), citing *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 822 (7th Cir. 2009). Therefore an inmate bringing a claim against a corporate entity for a violation of his constitutional rights must show that the corporation supports a "policy that sanctions the maintenance of prison conditions that infringe upon the constitutional rights of the prisoners." *Brown*, 2010 WL 3893939, at *8, quoting *Woodward v. Corr. Med. Servs. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004) (in turn quoting *Estate of Novack ex rel. v. Cnty. of Wood*, 226 F.3d 525, 530 (7th Cir. 2000)) (a corporate defendant violates an inmate's rights "if it maintains a policy that sanctions the maintenance of prison conditions that infringe upon the constitutional rights of the prisoners"). Because liability is not premised upon the theory of vicarious liability, the corporate policy "must be the 'direct cause' or 'moving force' behind the constitutional violation." *Ibid.* Plaintiff does not make any allegations against Correctional Healthcare Companies within his complaint. Accordingly, Plaintiff has not sufficiently pled a custom and policy of deliberate indifference claim against Correctional Healthcare Companies, and it is dismissed as a Defendant in this action. Plaintiff may proceed with his deliberate claims against the two identified nurses.

The United States Marshals Service is appointed to serve the Defendants - Nurse Monroe and Nurse Falls. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. With respect to any former Kendall County or Correctional Healthcare Companies employee or contractor who can no longer be found at the work address provided by Plaintiff, Kendall County and/or Correctional Healthcare Companies shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must include the original and a judge's copy of all filings. In addition, Plaintiff must send an exact copy of any filing to Defendants or, if represented by counsel, to counsel for Defendants. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Plaintiff must also insure all pleadings, written motions, and other papers submitted to the Court are signed pursuant to Fed. R. Civ. P. 11(a). Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.