CMC

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| **ANDREW ERICKSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | No. 13 C 1647 |
| | ) | |
| **JODI MONROE, et al.,** | ) | Hon. James B. Zagel |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Andrew Erickson, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that Defendants Jodi Monroe and Leslie Falls, nurses at the Kendall County Jail, were deliberately indifferent to his serious medical needs. This matter is before the court for ruling on Defendants' motion for summary judgment based on Plaintiff's alleged failure to exhaust his administrative remedies. For the reasons stated below, the motion is granted.

## STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In determining the existence of a genuine issue of material fact, a court construes all facts in a light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Weber v. Universities Research Assoc., Inc.*, 621 F.3d 589, 592 (7th Cir. 2010). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255. The court does not "judge the credibility of the witnesses, evaluate the weight of the evidence, or determine the truth of the matter. The only

question is whether there is a genuine issue of fact." *Gonzalez v. City of Elgin*, 578 F.3d 526, 529 (7th Cir. 2009) (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 249-50 (1986)).

## **LOCAL RULE 56.1 (N.D. ILL.)**

Defendants filed a statement of uncontested material facts pursuant to Local Rule 56.1 (N.D. Ill.). Defendants also provided Plaintiff a "Notice to Pro Se Litigant Opposing Motion for Summary Judgment," as required by circuit precedent. That notice clearly explained the requirements of the Local Rules and warned Plaintiff that a party's failure to controvert the facts as set forth in the moving party's statement results in those facts being deemed admitted. *See, e.g., Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003).

Local Rule 56.1(b) requires a party opposing a motion for summary judgment to file:

> (3) a concise response to the movant's statement that shall contain
>
> (A) a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon, and
>
> (B) a statement, consisting of short numbered paragraphs, of any additional facts that require denial of summary judgment, including references to the affidavits, parts of the record, and other supporting materials relied upon.

L.R. 56.1(b).

The district court may rigorously enforce compliance with Local Rule 56.1. *See, e.g., Stevo v. Frasor*, 662 F.3d 880, 886-87 (7th Cir. 2011) ("Because of the high volume of summary judgment motions and the benefits of clear presentation of relevant evidence and law, we have repeatedly held that district judges are entitled to insist on strict compliance with local rules designed to promote the clarity of summary judgment filings") (citing *Ammons v. Aramark Uniform Serv., Inc.*, 368 F.3d 809, 817 (7th Cir. 2004). Although *pro se* plaintiffs are entitled to lenient standards, compliance with

procedural rules is required. *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006); *see also Koszola v. Bd. of Educ. of the City of Chicago*, 385 F.3d 1104, 1108 (7th Cir. 2004).

Despite the admonitions stated above, Plaintiff failed to file a response to Defendants' statement of uncontested facts. Accordingly, Defendants' statement of uncontested facts is deemed admitted.

## **FACTS**

Plaintiff was detained at Kendall County Jail from approximately December 7, 2010 though November 17, 2011. (Defs.' 56.1(a)(3) Statement ¶ 1.) Plaintiff alleges that the Defendant Jodie Monroe, L.P.N., and Leslie Falls, L.P.N., were deliberately indifferent to Plaintiff's medical needs; specifically, a rash between March of 2011 and May of 2011 and dizziness/fainting in October of 2011. (*Id.*, ¶ 2.)

During Plaintiff's detention at the jail, the jail maintained an inmate handbook that contained the rules, regulations and procedures inmates are required to follow during their detention. (Defs.' 56.1(a)(3) Statement ¶ 4.) A copy of the inmate handbook is given to inmates when they are first admitted to the jail. (*Id.*, at ¶ 5.) Plaintiff received a copy of the handbook on December 8, 2010. (*Id.*)

The inmate handbook describes the procedure to be followed by inmates who have a complaint or grievance. (Defs.' 56.1(a)(3) Statement ¶ 6.) The inmates are required to submit their complaints in writing on an inmate request form that is available upon request from the cell pod correctional deputies. (*Id.*) After completing the inmate request form, the inmate is required to submit the form directly to the correctional deputy. (*Id.*, at ¶ 7.) The inmate request form is required to be submitted within ten days from the date of the complained of incident. (*Id.*, at ¶ 8.) The form

must include the date of the offense, the individuals involved, and details of the incident. (*Id.*) The same procedure is utilized for medical and non-medical complaints. (*Id.*)

After receiving a request form, the correctional deputy tries to resolve the issue at his or her level within 24 hours of receiving the inmate request form. (Defs.' 56.1(a)(3) Statement ¶ 9.) If the correctional deputy is unable to resolve the issue, the deputy is required to sign and date the request form and refer the complaint to his/her supervisor. (*Id.*) The supervisor is then required to respond in writing to the complaint within 72 hours after receiving the documentation, documenting the decision and the reason for the decision. (*Id.*, at ¶ 10.) If the inmate is not satisfied with the response from the deputy or his/her supervisor, he may submit a written grievance to Corrections Commander Jennings on an inmate grievance form, along with all of the original paperwork pertaining to the issue. (*Id.*, at ¶ 11.) Commander Jennings is required to respond the the grievance within five days of receiving the grievance and documentation. (*Id.*, at ¶ 13.)

Plaintiff did not submit a grievance regarding the alleged denial of medical care. (Defs.' 56.1(a)(3) Statement ¶ 15.)

## ANALYSIS

Exhaustion of administrative remedies, pursuant to the Prison Litigation Reform Act, is required for all prisoner/detainee suits seeking redress for prison circumstances or occurrences, regardless of whether they involve general circumstances of incarceration or particular episodes. *See Porter v. Nussle*, 534 U.S. 516 (2002). Under 42 U.S.C. § 1997e(a), the court is directed to dismiss a suit brought with respect to prison conditions if the court determines that plaintiff has failed to exhaust his administrative remedies. *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532, 536-37 (7th Cir. 1999).

A prisoner/detainee must take all the steps required by the institution's grievance system in order to exhaust his administrative remedies properly. *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004); *Pozo v. McCaughtry*, 286 F.3d 1022, 1023-24 (7th Cir. 2002). Moreover, exhaustion is a precondition to filing suit, so that a detainee's attempt to exhaust available administrative remedies in the midst of litigation is insufficient. *See Ford*, 362 F.3d at 398; *Perez*, 182 F.3d at 536-37.

To exhaust remedies under § 1997e(a) a prisoner "must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025. The purpose behind the exhaustion requirement is to give corrections officials the opportunity to address complaints internally before a federal suit is initiated. *See Porter*, 534 U.S. at 524-25.

It is undisputed that Plaintiff did not submit a grievance regarding the alleged denial of medical care. Accordingly, Defendants' motion for summary judgment is granted.

If Plaintiff wishes to appeal this final order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455.00 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, Plaintiff may also be assessed a "strike" under 28 U.S.C. § 1915(g). Plaintiff is warned that, pursuant to that statute, if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. *Id.*

## CONCLUSION

IT IS THEREFORE ORDERED that Defendants' motion for summary judgment [37] is granted. Plaintiff's complaint is dismissed without prejudice pursuant to 42 U.S.C. § 1997e(2). Defendants' motion to dismiss (filed prior to the motion for summary judgment) [23], [33] are denied as moot. The case is terminated.

Dated: 6/25/14

James B. Zagel
United States District Court Judge